**The XERXE GROUP, INC.,**
**Plaintiff–Appellant,**

v.

**The UNITED STATES, Defendant–**
**Appellee.**

No. 01–5055.

United States Court of Appeals,
Federal Circuit.

Feb. 4, 2002.

Nicholas S. Papleacos, Shapiro Fussell Wedge Smotherman Martin & Price, LLP, of Atlanta, GA, argued for plaintiff-appellant.

Brian S. Smith, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for defendant-appellee. With him on the brief were Stuart E. Schiffer, Acting Assistant Attorney General; David M. Cohen, Director; and Kathryn A. Bleecker, Assistant Director.

Before MAYER, Chief Judge, RADER and DYK, Circuit Judges.

MAYER, Chief Judge.

Xerxe Group, Inc., appeals the November 30, 2000, judgment of the United States Court of Federal Claims granting summary judgment to the United States, with respect to Count II of the complaint. *Xerxe Group, Inc. v. United States*, No. 99–924–C (November 30, 2000). Because the Court of Federal Claims' interpretation and application of the Federal Acquisition Regulations (FAR), 48 C.F.R. §§ 15.608 and 15.609 (2001), are in accordance with law, we affirm.

## Background

In 1998, Xerxe submitted an unsolicited proposal to Patrick Air Force Base ("PAFB"), Florida for the provision of electrical energy and services. The unsolicited proposal monitor at PAFB rejected the proposal. PAFB later published a request for information pursuant to 10 U.S.C. § 2688, Utility Systems Conveyance Authority, for the possible privatization of on-base utility systems. Xerxe objected to the request for information claiming that the government used proprietary information disclosed in its unsolicited proposal. It subsequently submitted a claim for $72 million in damages for the government's failure to award it a contract and for improperly using its proprietary information. After receiving no response to its claim, Xerxe filed suit in the Court of Federal Claims alleging that the government violated the confidentiality provisions of the FAR by issuing a request that improperly disseminated its proprietary information. The court determined that Xerxe's failure to comply with the requirements of FAR §§ 15.608 and 15.609 vitiated any protection against disclosure. Xerxe appeals.

## Discussion

We have jurisdiction to hear this appeal from a final judgment of the Court of Federal Claims under 28 U.S.C. § 1295(a)(3). "Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Cenex, Inc. v. United States*, 156 F.3d 1377, 1378 (Fed.Cir.1998) (quoting *Barseback Kraft AB v. United States*, 121 F.3d 1475, 1479 (Fed.Cir.1997)). "We re-

view the summary judgment of the Court of Federal Claims, as well as its interpretation and application of the governing law, *de novo." Gump v. United States*, 86 F.3d 1126, 1127 (Fed.Cir.1996).

■ Xerxe challenges the Court of Federal Claims' legal conclusion that its unsolicited proposal was not protected under FAR §§ 15.608 and 15.609. *See* 48 C.F.R. §§ 15.608 and 15.609 (2001). Xerxe contends that its proposal was a business plan that included a trade secret, investing it with a competitive advantage and, as such, was entitled to the protections afforded by the FAR. Xerxe further challenges the court's determination that the government did not disclose its proprietary information in the request for information regarding the privatization of utility systems. The government responds that the information included in the proposal was not subject to the proprietary data protections of the FAR because Xerxe failed to comply with its requirements.

■ We first consider the FAR provisions pertinent to the Court of Federal Claims' judgment. "To interpret a regulation we must look at its plain language and consider the terms in accordance with their common meaning." *Lockheed Corp. v. Widnall*, 113 F.3d 1225, 1227 (Fed.Cir. 1997) (citing *Perrin v. United States*, 444 U.S. 37, 42, 100 S.Ct. 311, 62 L.Ed.2d 199 (1979)). FAR § 15.608(b), which governs proprietary data protection of unsolicited proposals, provides in relevant part:

> Government personnel shall not disclose restrictively marked information (see 3.104 and 15.609) included in an unsolicited proposal. The disclosure of such information concerning trade secrets, processes, operations, style of work, apparatus, and other matters, except as authorized by law, may result in criminal penalties under 18 U.S.C.1905.

48 C.F.R. § 15.608(b) (2001).

Thus, section 15.608(b) prohibits government personnel from disclosing restrictively marked information in an unsolicited proposal in accordance with section 15.609. FAR § 15.609, in turn, provides in relevant part:

> (a) An unsolicited proposal may include data that the offeror does not want disclosed to the public for any purpose or used by the Government except for evaluation purposes. If the offeror wishes to restrict the data, the title page must be marked with the following legend:

> Use and Disclosure of Data

> This proposal includes data that shall not be disclosed outside the Government and shall not be duplicated, used, or disclosed-in whole or in part-for any purpose other than to evaluate this proposal. However, if a contract is awarded to this offeror as a result of—or in connection with—the submission of these data, the Government shall have the right to duplicate, use, or disclose the data to the extent provided in the resulting contract. This restriction does not limit the Government's right to use information contained in these data if they are obtained from another source without restriction. The data subject to this restriction are contained in Sheets [insert numbers or other identification of sheets].

> (b) The offeror *shall also mark each sheet of data* it wishes to restrict with the following legend:

> Use or disclosure of data contained on this sheet is subject to the restriction on the title page of this proposal.

48 C.F.R. § 15.609(a), (b) (2001) (emphasis added).

Section 15.609(a) acknowledges that unsolicited proposals may include sensitive and confidential information that an offeror does not want disclosed to the public or used by the government except for evaluation purposes. To comply, the offeror is admonished to include the "Use and Disclosure of Data" paragraph as a legend on the title page of its proposal. Section 15.609(b) addresses situations where an offeror wishes to restrict specific sheets of data from disclosure and further admonishes the offeror to include a restrictive legend on each individual sheet it desires to be restricted in accordance with the "Use and Disclosure of Data" legend.

The Court of Federal Claims found that Xerxe complied with section 15.609(a) by marking the title page of its unsolicited proposal, but did not comply with section 15.609(b) by failing to include a restrictive legend on each sheet of the data it wanted restricted. *Xerxe Group, Inc. v. United States*, No. 99–924–C, slip op. at 7 n. 2 (November 30, 2000) (opinion and order). Only Xerxe's cover letter and "Company Profile and Capability Statement" were marked with the restrictive legend in accordance with section 15.609(b). *Id.* Its failure to identify and clearly demarcate what it considered restricted data is fatal to its claim.

### Conclusion

Accordingly, the judgment of the United States Court of Federal Claims is affirmed.

*AFFIRMED*